IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:04cr12-HEH |
| | ) |
| ANTHONY LAMONT MOORE | ) |

**MEMORANDUM OPINION**
**(Denying Rule 59(e) Motion)**

After the entry of a guilty plea, on May 17, 2004, the Court sentenced Anthony Lamont Moore to 540-months of incarceration. (ECF No. 22.) That sentence was later reduced to 360 months. (ECF No. 27.) In the last five years, Moore has unsuccessfully attempted to challenge that sentence several times. (ECF Nos. 32, 45, 47.) Recently, Moore filed a "Motion to invoke Fed.R.Civ.P. 52(b) Review and relief." ("Rule 52(b) Motion," ECF No. 48.) By Memorandum Order entered on September 24, 2025, the Court explained as follows:

> In the Rule 52(b) Motion, Moore attacks his conviction and sentence as unconstitutional and asks the Court "to modify, amend, or reduce a defendant's sentence that was issued in error of law and facts . . . ." (*Id.* at 1.) However, Federal Rule of Civil Procedure 52(b) fails to provide Moore with a procedural vehicle to challenge his *criminal* conviction. Accordingly, the Rule 52(b) Motion (ECF No. 48) is DENIED.
> At this late date, the Court has very limited jurisdiction to alter or correct a criminal conviction or sentence. A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). If Moore wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255 to challenge his conviction and sentence, he must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Blackstock*, 513 F.3d 128, 132–33 (4th Cir. 2008)

> (explaining that the district court must advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255).
>
> Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rule 2(b)–(c). The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Moore of the properly completed forms seeking such relief.

(ECF No. 50, at 1–2.)[1] The Clerk mailed Moore the standard form for filing a motion under 28 U.S.C. § 2255, and the Court explained that if Moore wished to file a § 2255 motion at that time, he should complete and return the standard form. (*Id.* at 2.)

Moore has not completed and returned the § 2255 form. Instead, on October 20, 2025, the Court received a "MOTION IN OBJECTION TO DENIAL OF PRO SE APPLICATION FOR RULE 52(B) RELIEF DUE TO MISAPPREHENSION OF A RULE, AND ADDITIONAL REQUEST TO INVOKE RULE 59(E) RECONSIDERATION, IN LIGHT OF U.S. V. OLANO, 507 U.S. at 735–36." (ECF No. 51.) Despite its labeling, Moore's letter will be construed solely as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion."). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Moore's submission.

2

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Moore identifies no specific reason for relief under Rule 59(e), the Court construes him to argue that the Rule 59(e) Motion must be granted to prevent a clear error of law or prevent manifest injustice.

In his Rule 59(e) Motion, Moore attacks his "excessive and premature sentence and conviction under the residual clause." (ECF No. 51, at 1.) Moore also seeks "reinstatement of his Rule 52 application for relief, in light of the reviewing court's error and misapprehension of law & facts . . . ." (*Id.* at 2.) Moore may not challenge his underlying conviction and sentence in a Rule 59(e) Motion. As explained previously, Moore is free to file a § 2255 motion to bring such a challenge to his underlying conviction and sentence. Moreover, Moore identifies no clear error of law in the Court's dismissal of his Rule 52(b) Motion.[2]

---

[2] To the extent that Moore intended to bring his motion under Federal Rule of *Criminal* Procedure 52 and accidentally stated "Civil" in his original motion, that error fails to provide him

3

In sum, Moore fails to demonstrate that the Court made a clear error of law or that reopening his Rule 52(b) Motion is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 51) will be denied.

An appropriate Order shall issue.

                                                        /s/
                                        Henry E. Hudson
Date: March 5, 2026                  Senior United States District Judge
Richmond, Virginia

---

with any relief. Rule 52 provides a "plain error" standard of review for use in direct appeals and is not a mechanism to collaterally attack a criminal conviction or sentence. *United States v. Frady*, 456 U.S. 152, 164 (1982) ("Because it was intended for use on direct appeal, however, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal.") Therefore, Moore fails to demonstrate that the Court made a clear error of law or that his Rule 52(b) Motion should be reopened to prevent a manifest injustice on this ground.